**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

CARL L. LAWSON,

        Petitioner,

vs.　　　　　　　　　　　　　　　　　　　　Case No. 3:05-cv-392-J-32TEM
　　　　　　　　　　　　　　　　　　　　　　　　　　3:04-cr-139-J-99TEM

UNITED STATES OF AMERICA,

        Respondent.

## **ORDER**[1]

This case is before the Court on Carl Lawson's *pro se* Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. (Docs. 1 & 2).[2] The United States filed a response. (Doc. 6). The Court ordered additional briefing by the government on whether, in lieu of an out of time appeal, the Court should re-sentence Lawson in light of the United States Supreme Court's decision in United States v. Booker, 543 U.S. 220 (2005). (Doc. 9). In response to the Order, the government filed a memorandum of law addressing this issue. (Doc. 12). On November 4, 2005, the Court appointed Mr. James H. Burke, Jr., Assistant

---

[1] Under the E-Government Act of 2002, this is a written opinion and therefore is available electronically. However, it has been entered only to decide the motion or matter addressed herein and is not intended for official publication or to serve as precedent.

[2] Citations to Lawson's civil § 2255 case file, 3:05-cv-392-J-32TEM, are denoted as "Doc. ___." Citations to Lawson's criminal case file, 3:04-cr-139-J-99TEM, are denoted as "Crim. Doc. ___."

Federal Public Defender, Federal Public Defender's Office for the Middle District of Florida, to represent Mr. Lawson in the § 2255 proceeding. (Doc. 14). On December 6, 2005, through newly appointed counsel and in response to the Court's November 4, 2005 Order, Lawson filed a memorandum of law addressing the Booker re-sentencing issue. (Doc. 19). On January 17, 2006, the Court heard oral argument from the parties on Lawson's § 2255 motion. (Doc. 20).

The parties essentially agree as to how the Court should proceed in granting Lawson the relief he seeks in his § 2255 motion. The parties propose that this Court, pursuant to the mechanism set forth in United States v. Phillips, 225 F.3d 1198, 1201 (11th Cir. 2000), grant Lawson's § 2255 petition to the extent it requests an out of time appeal as there is no dispute that Lawson is entitled to such an appeal.

During Lawson's October 18, 2004 sentencing, Lawson preserved a Booker objection and the Court uttered the equivalent of what the Eleventh Circuit has referred to as the "magic words[3]," United States v. Thompson, 422 F.3d 1285, 1302 (11th Cir. 2005) (Tjoflat, J., specially concurring), noting its clear reluctance to sentence Lawson within the then mandatory guidelines range (151 - 188 months).

---

[3] At the time of the October 18, 2004 sentencing of Lawson, the Supreme Court had not yet decided Booker. Booker was argued before the Supreme Court on October 4, 2004; the opinion issued on January 12, 2005. Thus, at the time of Lawson's sentencing, the sentencing guidelines were mandatory and the Court was bound to follow them, no matter its reservation.

2

(Crim. Doc. 34).[4]  The Court believes it committed statutory error in sentencing Lawson, and that such error was not harmless.[5]  Thus, the Court's predilection was to simply re-sentence Lawson and forego the out-of-time appeal.  However, since both parties insist that the proper mechanism is to instead follow the mechanism set forth in Phillips, the Court will do so with the recommendation that the Eleventh Circuit, upon obtaining jurisdiction and receiving a proper motion or stipulation by the parties, remand the case to the district court for a Booker re-sentencing.

Accordingly, it is hereby **ORDERED**:

1.    Carl L. Lawson's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Doc. 1) is **GRANTED** to the extent it seeks an out of time appeal.  The remainder of Lawson's motion is **DENIED WITHOUT PREJUDICE** as premature before Lawson's direct appeal is decided.

2.    The Judgment In A Criminal Case as to Carl L. Lawson (3:04-cr-139-J-99TEM) (Crim. Doc. 28) is **VACATED**.  By separate amended Judgment, the Court

---

[4] The essence of the Court's comments during the sentencing hearing are accurately reflected in Lawson's Response to this Court's November 4, 2005 Order. (Doc. 19).

[5] Eleventh Circuit precedent holds there are two Booker errors: constitutional error, which arises from the application of extra-verdict enhancements, and statutory error, which arises from the mandatory application of the sentencing guidelines. United States v. Shelton, 400 F.3d 1325, 1330-32 (11th Cir. 2005).  When a Booker objection is preserved during sentencing at the district court, it is subject to harmless error review.  United States v. Mathenia, 409 F.3d 1289, 1291 (11th Cir. 2005) (citations omitted).

will reimpose the same sentence. From the date that Judgment is entered, Lawson's new court-appointed counsel will have ten (10) days to file a notice of appeal.

    3.    Under Phillips, Lawson is further advised of his rights associated with an appeal from a criminal sentence:

    a.    It is your right to appeal from the sentence within ten days from the date of the reimposed sentence and judgment as dictated by Federal Rule of Appellate Procedure 4(b)(1)(A)(i). Failure to do so within ten days from that date means you have given up and waived your right to appeal. The government may also file an appeal from this sentence.

    b.    You are advised that you are entitled to assistance of counsel in taking an appeal. Your new court-appointed counsel for purposes of your direct appeal is Mr. James H. Burke, Jr., Assistant Federal Public Defender, The Office of the Federal Public Defender for the Middle District of Florida.

    c.    By copy, your new counsel is informed of this Order and your concomitant rights.

**DONE AND ORDERED** at Jacksonville, Florida this 9th day of February, 2006.

_____
TIMOTHY J. CORRIGAN
United States District Judge

t.
Copies:  counsel of record and Mr. James H. Burke, Jr., Assistant Federal Public Defender, Office of Federal Public Defender for the Middle District of Florida